# CIRCUIT COURT OF THE CITY OF RICHMOND

Mark A. Jones

v.

Otis Elevator Co.

July 10, 2014

Case No. CL13-1077

By Judge Melvin R. Hughes, Jr.

In this case, plaintiff, an employee of Virginia Commonwealth University, has asserted a claim for a personal injury recovery against Otis Elevator Company, an elevator manufacturer. He alleges injury while riding an Otis elevator in a building leased by his employer, VCU. Otis asserts in its Motion to Dismiss that plaintiff's remedy lies exclusively under the provisions of Virginia Workers' Compensation Act. Otis argues that, even though plaintiff says his injury occurred in a building not owned but leased by VCU, under the General Assembly's direction in law to VCU, a governmental entity, obligating it to perform maintenance, whether actually performed by VCU or not, makes elevator maintenance a part of VCU's usual trade or business. Thus, plaintiff's remedy lies exclusively under workers' compensation. For purposes of the Motion, the parties have entered into stipulations for a hearing on Otis' motion. Following the hearing, during which plaintiff offered the testimony of one witness, an employee of VCU's real estate services department, the Court took the matter under advisement.

In his Complaint, plaintiff alleges he was injured while riding the elevator when it dropped suddenly, then shot up, and crashed into the top of the elevator shaft. The parties agree that, at the time, plaintiff, a Human Resources department employee, had travelled to the subject building from another building where he works to pick up papers relating to newly hired employees. While the building in question has an elevator, the building which houses VCU's main Human Resources operations does not. Under VCU's lease with a private landlord, VCU agreed to maintain in good working order all equipment and fixtures including the elevator. VCU does not perform maintenance or repairs for elevator operations in its buildings.

It employs outside contractors, such as Otis, to perform these tasks. Plaintiff argues that elevator maintenance is not important or central to the General Assembly's charge to VCU concerning goals and mission as an institution of higher learning for research and education and that the Management Agreement between VCU and the Commonwealth to implement those goals and mission is silent about facilities' maintenance or elevator repair and maintenance. For the reasons that follow, the Court agrees with Otis and disagrees with plaintiff.

Plaintiff points to a case with similar facts to those in this case as authority that workers' compensation is not a bar to his claim. In *Farish v. Courion Industries, Inc.*, 722 F.2d 74, 81 (4th Cir. 1983), *aff'g sub nom. Farish for Farish v. Courion Indus., Inc.*, 754 F.2d 1111 (4th Cir. 1985), where a University of Virginia employee was injured in an elevator, the court employed a "normal work" test and found that since UVA did not normally perform maintenance and repair work on elevators through its own employees, workers' compensation was not a bar to the action. While this is the ruling in *Farish* the Court must agree with defendant's assessment; if the *Farish* facts were presented today in light of later developments in the law relating to governmental entities and workers' compensation, the outcome would be different.

The issue is whether Otis is an "other party" under Va. Code § 65.2-309 or, as the cases describe, a "stranger" to the trade, occupation, or business of VCU, plaintiff's employer. The applicable test to make that determination in this case, considering that VCU is a governmental entity, is the work VCU is authorized to do, not merely that which it actually performs. *Ford v. City of Richmond*, 239 Va. 664, 391 S.E.2d 270 (1990); *Henderson v. Central Tel. Co.*, 233 Va 377, 355 S.E.2d 594 (1987); *Roberts v. City of Alexandria*, 246 Va. 17, 431 S.E.2d 275 (1993). The cases plaintiff relies on in opposing the motion are inapposite. Plaintiff is in essence a fellow employee of Otis, thus precluding this suit and thereby his remedy is exclusively under workers' compensation. The action of the General Assembly in granting VCU authority to maintain its buildings, the Maintenance Agreement, and VCU's covenant in the lease to conduct maintenance in the subject building all go to that which VCU was authorized to do.

In summary, the court adopts the facts and reasoning provided in defendant's Memorandum in Support of Defendant Otis Elevator Company's Motion To Dismiss for Lack of Subject Matter Jurisdiction, first paragraph, page 6, last paragraph, page 8, to first paragraph, page 9, and Points and Authorities, pages 9 to 19. These refer to the law as relating to governmental entities with respect to workers' compensation as a bar to plaintiff's case here.